**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4332**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

NOEL ROBINSON, a/k/a Bongo, a/k/a Mr. B,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior
District Judge.  (7:10-cr-00043-HMH-2)

_____

Submitted:  January 20, 2012          Decided:  February 2, 2012

_____

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

_____

Hannah  Rogers  Metcalfe,  HANNAH  ROGERS  METCALFE,  P.A.,
Greenville, South Carolina, for Appellant.  William N. Nettles,
United  States  Attorney,  Leesa  Washington,  Assistant  United
States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Noel Robinson pled guilty to conspiracy to distribute methamphetamine, cocaine, and cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(A), 846 (West 1999 & Supp. 2011). The district court imposed a sentence of 139 months' imprisonment, and Robinson timely appealed. On appeal, counsel for Robinson filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion in finding a factual basis to support Robinson's plea, whether Robinson's sentence was appropriate, and whether Robinson's trial counsel was ineffective. Robinson was informed of his right to file a pro se supplemental brief but has not done so.

We directed supplemental briefing on the adequacy of the district court's explanation of sentence, and whether any error in that explanation was harmless. In his supplemental brief, Robinson asserts that the district court failed to adequately explain its denial of his request for a downward departure or variance and failed to state its reasons for the sentence imposed. The Government asserts that the district court did not err in its explanation, and that, if we conclude the court erred, the error was harmless. For the reasons that

follow, we affirm Robinson's conviction, but vacate his sentence and remand for resentencing.

Because Robinson did not move to withdraw his guilty plea, we review the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517 (4th Cir. 2002). To establish plain error, Robinson "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Our review of the record leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Robinson's guilty plea and that any omissions did not affect Robinson's substantial rights. The record confirms that the plea was supported by a factual basis and that Robinson voluntarily and knowingly entered a plea of guilty.

Turning to Robinson's sentence, this court reviews for reasonableness, applying the abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the defendant's advisory Guidelines range, this court examines whether the court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the

3

arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). If the sentence is free of significant procedural error, this court will then review the substantive reasonableness of the sentence. Lynn, 592 F.3d at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

We conclude that the district court committed procedural error in failing to sufficiently explain Robinson's sentence. Before sentencing, Robinson moved for a downward departure or variance to a sentence of 120 months, arguing that his criminal history was overstated and citing his lack of active involvement in the conspiracy. The district court denied the motion without explanation. In imposing a 139-month sentence, the district court merely stated that a Guidelines sentence "is appropriate in this case."

Because Robinson's trial counsel argued at sentencing for a lesser sentence of 120 months, this issue is preserved on appeal. Lynn, 592 F.3d at 578; see also United States v. Boulware, 604 F.3d 832, 838 (2010). Review in this court is therefore under the harmless error standard. Boulware, 604 F.3d at 838; see also Lynn, 592 F.3d at 581 ("we review the district court's sentencing procedure for abuse of discretion, and must reverse if we find error, unless we can conclude that the error

4

was harmless"). The Government has the burden of proving that the district court's error in this regard was harmless. Lynn, 592 F.3d at 585.

We conclude that the Government has failed to show that the sentencing error was harmless. It is not clear whether the district court's explicit consideration of Robinson's arguments would have affected his sentence, nor is the record sufficient to permit effective appellate review. We therefore vacate Robinson's sentence and remand for resentencing.

Robinson's counsel also suggests in the Anders brief that trial counsel may have been ineffective. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes that counsel provided ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); see also United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). The record here does not conclusively establish ineffectiveness.

Accordingly, we affirm Robinson's conviction, vacate his sentence, and remand for resentencing. In accordance with Anders, we have reviewed the entire record in this case and found no other meritorious issues. This court requires that counsel inform Robinson in writing of his right to petition the Supreme Court of the United States for further review. If Robinson requests that a petition be filed, but counsel believes

5

that such petition would be frivolous, counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Robinson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>